UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

ROSA MORALES                            Docket No.: 07 Civ. 8236
                                            Justice: Hon. Louis L. Stanton

                          Plaintiffs,

-v.-

                                            ***JOINT PROPOSED SCHEDULING***
PATHMARK STORES, INC.,                  ***ORDER***

                          Defendants.
-------------------------------------------------------------------X

         Pursuant to the *Order for Conference Pursuant to Rule 16(b)* of the Hon. Louis L. Stanton, dated October 4, 2007, the parties submit the following as their *Joint Proposed Scheduling Order*.

(1) The date of the conference and the appearances for the parties:

Friday, January 11, 2008 at 2:30 PM.

| | |
|---|---|
| Sakkas & Cahn, LLP | Kral Clerkin, Redmond, Ryan, |
| Attorneys for the Plaintiff | Perry & Girvan, LLP |
| 150 Broadway, Suite 1307 | Attorneys for Defendant |
| New York, NY 10038 | 69 East Jericho Turnpike |
| | Mineola, NY 11501 |

(2) A concise statement of the issues as they then appear.

- Whether the defendant Pathmark Stores, Inc. is liable pursuant NYC Administrative Code §7-210 for failure to maintain a sidewalk abutting real property that it owns in a reasonably safe condition;

- Whether defendant Pathmark Stores, Inc. owns the real property abutting the sidewalk where plaintiff fell;

- Whether the plaintiff was comparatively negligent;

- Whether the plaintiff was damaged, and, if so, the extent of her damages.

(3) A schedule including:

(a) the names of persons to be deposed and a schedule of planned depositions;

Plaintiff - on or before March 31, 2008;

Defendant - on or before May 30, 2008.

(b) a schedule for the production of documents;

Plaintiff - medical documentation, accident report and authorizations for medical documentation - already provided.

Defendant - any accident report prepared by or on behalf of defendant and any records pertaining to sidewalk at issue in this case - on or before March 31, 2008.

(c) dates by which (i) each expert's reports' will be supplied to the adversary side, and

(ii) each expert's deposition will be completed;

Parties expert's report's exchange on or before June 30, 2008. Depositions of various experts to be concluded on or before September 30, 2008.

(d) time when discovery is to be completed;

Discovery to be completed by October 31, 2008.

(e) the date by which plaintiff will supply his pre-trial order materials to defendant;

Plaintiff to supply PTO materials on or before November 21, 2008.

(f) the date by which the parties will submit a pre-trial order in a form conforming with

the Court's instructions together with trial briefs and either (1) proposed findings of fact and conclusions of law for a non-jury trial, or (2) proposed voir dire questions and proposed jury instructions for a jury trial; and

Parties to provide same by December 8, 2008.

(g) a space for the date for a final pre-trial conference pursuant to Fed. R. Civ. P. 16 (d), to be filled in by the Court at the conference.

*Friday Dec. 12, 2008 at 2:30 P.M*    LLS

(4) A statement of any limitations to be placed on discovery, including any protective or confidentiality orders.

None contemplated by the parties.

(5) A statement of those discovery issues, if any, on which counsel, after a good faith effort, were unable to reach an agreement.

None have arisen.

(6) Anticipated fields of expert testimony, if any.

Orthopedics and/or neurology.

(7) Anticipated length of trial and whether to court or jury.

4 days and a jury trial is requested.

(8) A statement that the Scheduling Order may be altered or amended only on a showing of good cause not foreseeable at the time of the conference or when justice so requires.

So stated.

(9) Names, address, phone numbers and signatures of counsel.

See below.

(10) Provision for approval of the court and signature line for the court.

See below.

    If the action is for personal injuries, plaintiff is directed to make a monetary settlement demand and defendant is directed to respond to such demand prior to the conference.

This has been done.

Dated: New York, New York
January 8, 2008

                    SAKKAS & CAHN, LLP

By: _____
MATTHEW SAKKAS, ESQ.
Attorney for Plaintiff
150 Broadway, Suite 1307
New York, N.Y. 10038
Tel: (212)693-1313
Fax: (212)693-1314

KRAL CLERKIN, REDMOND, RYAN,
PERRY & GIRVAN, LLP

By: _____
HENRY M. PRIMAVERA, ESQ.,
Attorneys for Defendant    ANDREW J.
69 East Jericho Turnpike    Mihalick
Mineola, NY 11501
(516) 742-3470


SO ORDERED:

_____
Hon. Louis L. Stanton
1/11/08